Anonymous.

### JACKSON *against* WAKEMAN and others.

Absence of
counsel on pro-
fessional busi-
ness, not al-
lowed as an
excuse for not
going to trial,
pursuant to a
stipulation.
Otherwise of
sickness or
other inevita-
ble accident.

AT the last term, the plaintiff had stipulated to try this cause at the then next Circuit Court in the city of New York; and not having done so,

*W. Slosson,* now moved for judgment as in case of non-suit.

*A. Burr,* contra, asked leave to stipulate again, on the ground that the plaintiff's counsel being absent on professional business at Albaay, when the Circuit was holden at New York, the cause could not, for that reason, be tried.

*Curia.* We never receive this as an excuse. The farthest we have gone, as to the non-attendance of counsel, is to allow the excuse, if their absence arise from sickness, or other inevitable cause.

Motion granted.(*a*)

SAVAGE, Ch. J. was absent.

(*a*) Cowen's Rep. 167, S. C.

---

### ANONYMOUS.

Tho' a de-
murrer must
be signed by
counsel, yet if
it is not so
signed, and the
opposite attor-
ney, on its be-
ing served, sign
an admission
*that he has
been served
with a demmurrer,* &c.,

DEMURRER. A copy of a demurrer to a declaration had been served on the plaintiff's attorney, which was not signed by counsel; but the plaintiff's attorney signed an admission. *that he had been served with a copy of a demurrer, and a notice of the rule to join in demurrer.* He afterwards went on and took a default for want of a plea, on the ground that the demurrer was not signed by counsel.

this is a waiver of the defect, and he cannot treat it as a nullity

*P. W. Radcliff*, moved to set this default aside.

*J. Hoyt*, contra, said, the demurrer not being signed by counsel, was a nullity.    .

Anonymous.

*Radcliff.* It does not lie with the plaintiff's attorney to say this, after he has admitted the service of a demurrer. It is a waiver of the defect. The admission imports a perfect demurrer, and the defendant's attorney should not afterwards be entrapped by its being considered a nullity ;

And of this opinion was *the Court ;* and they
Granted the motion, with costs.

---

### Anonymous.

On error, brought from the Columbia Common Pleas, the judgment was affirmed in this Court, and *double costs* had been taxed, as well as *interest,*(a) by way of damages, for delay of execution ; and now,

*E. Williams* moved for a re-taxation upon this ground, among others. He said the party was not entitled both to *double costs* and *damages,* for the delay. Double costs are the penalty, and if the party elect these, he waives the damages.

*R. I. Wells*, contra, said the statute (sess. 36, ch. 96, s. 13 and 14, 1 R. L. 346,) is explicit in giving both ; that, consequently, the election of one was not a waiver of the other ;

And of this opinion was *the Court.*

Motion denied.

On affirmance of judgment upon a writ of error, the plaintiff is entitled both to double costs and interest by way of damages for delay of execution. Interest taxed with the costs.

(a) Vid. 2 Dunl. Pr. 1168 ; 5 Taunt. 656, 658 ; 6 id. 117, 346 ; 7 id. 14, 244 ; Tidd, 1219, 1220, 1221, and other cases cited in 2 Dunl. Pr. 1168, 1169, as to the cases in which interest is allowed, on affirming judgment below.